IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Virzi and Natasha A. Brenchak, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　-vs-<br><br>First Citizens Bank of South Carolina, a wholly owned subsidiary of First Citizens Bancshares, Inc.,<br><br>　　　　Defendant. | **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**<br><br>C.A. No. ____3:18-2902-TLW____ |

PLEASE TAKE NOTICE that on this date Defendant First-Citizens Bank & Trust Company, a wholly owned subsidiary of First Citizens Bancshares, Inc. (incorrectly identified as First Citizens Bank of South Carolina, a wholly owned subsidiary of First Citizens Bancshares, Inc.) ("First Citizens") hereby gives notice of the removal of this action from the Richland County Court of Common Pleas, pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. In support of its notice of removal, First Citizens states as follows:

**PROCEDURAL BACKGROUND**

1.　　On or about September 26, 2018, Plaintiffs Michael Virzi and Natasha A. Brenchak, individually and on behalf of all other similarly situated, filed this action in the South Carolina Court of Common Pleas, Richland County, Civil Action 2018-CP-40-05022 (the "State Action") alleging claims for violations of 15 U.S.C. § 1681 (Compl. ¶ 45), 15 U.S. C. § 1691

(Compl. ¶ 53), 15 U.S.C. § 1601 (Compl. ¶ 60), and a claim for unjust enrichment (Compl. ¶ 65). All pleadings from the State Action are attached as **Exhibit A**.

2. First Citizens was served with the State Action on September 27, 2018.

3. Under 28 U.S.C. § 1446(b), this removal is timely because it is filed within thirty (30) days after First Citizens' receipt of the complaint, which was "the initial pleading setting forth the claim for relief upon which [the] action or proceeding is based…."

## FEDERAL QUESTION

4. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1331, in that Plaintiffs have asserted claims under three (3) separate federal statutes.

5. This Court has supplemental jurisdiction over the remaining claim of Plaintiffs under the provisions of 28 U.S.C. § 1367, in that the cause of action asserting unjust enrichment is "so related to claims" within the original jurisdiction of this Court "that they form part of the same case or controversy…." Pursuant to 28 U.S.C. § 1441, First Citizens is entitled to remove the action to this Court.

## DIVERSITY OF CITIZENSHIP

6. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332, in that there is complete diversity between First Citizens and the named alleged class representative in this action, and there is more than $75,000.00 in controversy, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1441, First Citizens is entitled to remove the action to this Court.

7. The proper parties to this action are the named alleged class-action representatives, Michael Virzi and Natasha A. Brenchak, citizens of the State of South Carolina,

and Defendant First-Citizens Bank & Trust Company, a wholly owned subsidiary of First Citizens Bancshares, Inc.

8. Plaintiffs are citizens and residents of the State of South Carolina.

9. First Citizens is a wholly owned subsidiary of Frist Citizens Bancshares, Inc. a corporation organized under the Laws of North Carolina with its principal place of business in North Carolina.

10. Complete diversity exists between the parties because First Citizens is not a citizen of the State of South Carolina.

## AMOUNT IN CONTROVERSY

11. The Plaintiffs' action is an action based on alleged violations of federal law and an equitable claim based on alleged unjust enrichment. Plaintiffs assert that they and members of an alleged class sustained actual and punitive damages based on the alleged actions of First Citizens, and Plaintiffs seek actual damages, statutory damages, punitive damages, interest, and attorney's fees and costs. (Pl. Compl.)

12. Plaintiffs allege to represent all persons "for whom Defendant opened one or more unwanted or unauthorized accounts in the State of South Carolina;" and "for whom Defendant created applications for without [sic] authorization and who were not 'approved' who a) had their credit accessed in violation of 1681b below, and/or b) did not receive an adverse action notice as required by ECOA, as described below." (Compl. ¶ 31).

   a. In the State Action, Plaintiffs seek punitive damages. For purposes of removal, punitive damages must be considered in determining the amount in controversy. *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999) (holding amount in controversy exceeded $75,000 when punitive damages were

considered in addition to the $25,000 in actual damages sought by plaintiff) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (holding that punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages)).

b. In the State Action, Plaintiffs also seek to recover attorney's fees citing specific federal statutes. For purposes of removal, attorney's fees also should be considered to determine the amount in controversy. *Fidelity Nat'l Title Ins. Co. v. Hawkins*, 2016 WL 6962775, at *4 (D.S.C. Nov. 29, 2016) ("Attorneys' fees are, however, to be considered when determining the jurisdictional amount when a plaintiff is entitled to recover them under a contract or statute.").

c. In the State Action, Plaintiffs seek to recover additional damages imposed by federal statute. (Compl. ¶¶ 53, 61).

13. Although the amount of Plaintiffs' claims of actual damages are not specified in the Complaint, based on the allegations seeking actual damages, statutory damages, punitive damages, attorney's fees for the named alleged class representatives, Defendant believes that for purposes of diversity jurisdiction, the amount in controversy exceeds $75,000.00

## OTHER REMOVAL REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Fifth Judicial Circuit of the State of South Carolina, County of Richland, and will be served on Plaintiff.

15. Since being served with the State Action, First Citizens has not served an answer or other responsive pleading in, nor has it made an appearance before, the Court of Common Pleas for Richland County, South Carolina.

16. Based on the foregoing, First Citizens hereby removes this action now pending in the Fifth Judicial Circuit in the State of South Carolina, County of Richland, Case No. 2018-CP-40-05022.

WHEREFORE, First Citizens respectfully requests this Court accept this Notice, to cause this entire suit to be docketed in this Court, and that this Court proceed to the final determination of this suit.

s/ M. Kevin McCarrell
M. Kevin McCarrell (#10427)
Emily I. Bridges (#12258)
Smith Moore Leatherwood LLP
2 West Washington Street, Suite 1100 (29601)
Post Office Box 87
Greenville, SC 29602
(864) 751-7600
(864) 751-7800 (fax)
kevin.mccarrell@smithmoorelaw.com
emily.bridges@smithmoorelaw.com

*Attorneys for Defendant*

October 26, 2018